'08 CIV 3662

**DEORCHIS & PARTNERS, LLP**
61 Broadway, 26th Floor
New York, New York 10006-2802
(212) 344-4700

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNIOCEAN MARITIME CO., LTD.,

                                 Plaintiff,         **08 Civ.**

- *against* -

                                                    **VERIFIED COMPLAINT
AND RULE B ATTACHMENT**

GANSU LONGDA IMPORT & EXPORT
TRADING CO., LTD.,

                                Defendant.
-----------------------------------------------------------X

      Plaintiff UNIOCEAN MARITIME CO., LTD., ("UNIOCEAN"), by its attorneys, DE ORCHIS & PARTNERS, LLP., as and for its Verified Complaint against Defendant GANSU LONGDA IMPORT & EXPORT TRADING CO., LTD., ("GANSU") alleges upon information and belief, as follows:

      1.    This is an admiralty and maritime claim with the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333.

      2.    Venue is proper under 28 U.S.C. §§ 1391 (d) as Defendant GANSU is an alien.

      3.    At and during all times hereinafter mentioned, Plaintiff UNIOCEAN was, and still is, a corporation organized and existing under and by virtue of the laws of the Republic of The Marshall Islands, with an office located at Trust Company Complex, Ajeltake Road, Ajeltake

Island, Majuro, Marshall Islands MH 96960. UNIOCEAN, at all times hereinafter mentioned, was engaged in the business of owning and/or operating vessels for profit in worldwide trade and was the disponent owner of the motor vessel JIN FENG.

4. Upon information and belief, Defendant GANSU is a corporation or other business entity incorporated under the laws of the People's Republic of China or some other foreign country, with an office and place of business located at No. 129,6/F, Jilong Building, Zhangye Road, Lanzhou Gansu Provence, P.R. China. GANSU, at all times hereinafter mentioned, was the charterer of the motor vessel JIN FENG.

## AS FOR A FIRST CAUSE OF ACTION FOR AGAINST GANSU FOR DETENTION

5. Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth herein at length.

6. Plaintiff UNIOCEAN, as disponent owner and Defendant GANSU entered into a charter party contract, dated on or about February 4, 2008, by which GANSU would have the use of UNIOCEAN's vessel JIN FENG, for the carriage of a lawful cargo of 50,000 MT (+/- 10% at the option of UNIOCEAN), of nickel ore from Kawei Island, Indonesia to Lianyungang, China.

7. Pursuant to paragraph 12 of the "Fixture Note" which forms the basis of the parties' contract, GANSU was to pay UNIOCEAN the sum of USD$45.000.00 per day, pro rata, as detention for time lost at the load or discharge ports.

8. The m/v JIN FENG arrived at the load port of Kawei Island, Indonesia and presented itself as ready in all respects to load the cargo called for in the charter party contract on or about February 2, 2008, at which time the Notice of Readiness was tendered to Defendant. Loading operation began on March 2, 2008. On March 5, 2008, the Indonesian Navy interrupted

the loading of the cargo due to some issue with the shipper of the cargo. Loading was resumed on March 22, 2008 and halted again by order of the Indonesian authorities on March 27, 2008. To date the vessel has not been allowed to resume the loading of the cargo and it has not been given permission by the Indonesian authorities to discharge the cargo that is already on board.

9. As of April 1, 2008, Defendant Gansu owed Plaintiff UNIOCEAN US$1,159,437.50 in accrued detention charges of which US$399,800.00 had been paid, leaving a balance as of April 1, 2008 of US$759,637.50 due and owning, no part of which has been paid despite due demand by UNIOCEAN.

10. In addition to the US$759,637.50 due as of April 1, 2008, pursuant to the governing charter party contract, detention charges accrue at a rate of US$45,000.00 per day, pro rata. As of April 18, 2008, Defendant GANSU now owes or will owe Plaintiff UNIOCEAN and additional US$765,000.00, for a total of US$1,524,637.50, which amount will increase at a rate of US$45,000.00 per day.

11. Plaintiff UNIOCEAN has fulfilled all obligations and conditions precedent under the applicable charter party contract.

### AS FOR A SECOND CAUSE OF ACTION
### AGAINST GANSU FOR DEADFREIGHT

12. Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth herein at length.

13. The charter party contract entered into between Plaintiff UNIOCEAN and Defendant GANSU requires Defendant GANSU to provide a cargo of 50,000MT (+/- 10% at UNIOCEAN's option) of nickel ore. Plaintiff UNIOCEAN intended to exercise its option to

3

require the loading of 10% more cargo so that the total cargo that UNIOCEAN was prepared to carry under the charter party contract was 52,140MT.

14. Defendant GANSU has failed to provide the cargo required to be loaded on board the m/v JIN FENG of 52,140MT of nickel ore and thereby becoming liable to Plaintiff UNIOCEAN in the amount of US$1,512,000.00 in deadfreight, no part of which has been paid.

### AS FOR A THIRD CAUSE OF ACTION
### AGAINST GANSU FOR COSTS AND EXPENSES

15. Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth herein at length.

16. Pursuant to the charter party contract entered into between Plaintiff UNIOCEAN and Defendant GANSU, any and all costs and expenses associated with the loading of the cargo will be for the account of Defendant GANSU.

17. In addition to the costs and expenses associated with cargo operations at the load port, Plaintiff UNIOCEAN has incurred extraordinary expenses in connection with the vessel being held at the load port, including agency fees and legal expenses in an amount as nearly as can be estimated of US$50,000.00.

18. The governing charter party contract provides that any dispute will be resolved by arbitration in London and for the application of English law. Under English law, Plaintiff UNIOCEAN is entitled to recover its legal fees and expenses associated with any dispute. It is presently estimated that Plaintiff will incur US$125,000.00 in legal fees and expenses in prosecuting its claims against Defendant Gansu.

19. Plaintiff UNIOCEAN has now or will be required to incur US$175.000.00 in expenses and costs associated with the failure to load the m/v JIN FENG.

## APPLICATION FOR ISSUANCE
## OF A RULE B ATTACHMENT

20.     Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

21.     The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subjects to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, HSBC (USA), Bank of America, Wachovia, Citibank, American Express Bank, J.P. Morgan Chase, Bank of New York, Standard Chartered Bank, ABN Amro Bank, The Bank of China, The Clearing House Interbank Payments System LLC, and/or The New York Clearing House Association LLC, which are believed to be due and owing to the Defendant.

22.     The Plaintiff seeks an Order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching any assets of each of the Defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant, and to secure and/or satisfy the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A.     That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.     That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant

to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, HSBC (USA), Bank of America, Wachovia, Citibank, American Express Bank, J.P. Morgan Chase, Bank of New York, Standard Chartered Bank, ABN Amro Bank, The Bank of China, The Clearing House Interbank Payments System LLC, and/or The New York Clearing House Association LLC, which are believed to be due and owing to the Defendant GANSU in the amount of US$3,211,637.50 to satisfy and/or secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B to answer the matters alleged in the Complaint;

C.  That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

D.  That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: New York, New York
       April 16, 2008

                                        DEORCHIS & PARTNERS, LLP
                                        *Attorneys for Plaintiff*

                                        By: _____
                                           John A. Orzel
                                           61 Broadway, 26th Floor
                                           New York, New York 10006-2802
                                           (212) 344-4700
                                           Our File: 894-3

## VERIFICATION

John A. Orzel declares and states that he is a partner in the law firm of DeOrchis & Partners, LLP, attorneys for Plaintiff in this action, and that the foregoing Verified Complaint is true to his knowledge, except as to matters therein stated on the information and belief and as to those matters, he believes them to be true; that the ground of his belief as to all matters not stated upon knowledge is information furnished to him to by Plaintiff; that the reason why the Verification is not made by Plaintiff is that Plaintiff is a corporation or other form of business entity whose principal place of business is outside the New York County, and that due to the exigent nature of this proceeding it was not possible to obtain a Verification from Plaintiff; and that he is authorized to so verify.

I declare and state under penalty of perjury that the foregoing is true and correct.

Executed on April 16, 2008

_____
John A. Orzel